IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 125,622

In the Matter of ISAAC HENRY MARKS SR.,
*Respondent*.

ORIGINAL PROCEEDING IN DISCIPLINE

Original proceeding in discipline. Opinion filed January 13, 2023. One-year suspension.

*Kathleen J. Selzler Lippert*, Deputy Disciplinary Administrator, argued the cause, and *Gayle B. Larkin*, Disciplinary Administrator, was with her on the formal complaint for the petitioner.

*Isaac Henry Marks Sr.*, respondent, argued the cause pro se.

PER CURIAM:  This is an attorney discipline proceeding against Isaac Henry Marks Sr., of Calverton, Maryland, who was admitted to practice law in Kansas in October 1987. He also is a licensed attorney in both Maryland and the District of Columbia, where he regularly practiced law for many years.

On May 4, 2022, the Disciplinary Administrator's office filed a formal complaint against Marks alleging violations of the Kansas Rules of Professional Conduct. This complaint stemmed from disciplinary actions against Marks for his conduct while working as a trustee in the District of Columbia in 2018. The District of Columbia Court of Appeals suspended his law license for a period of one year on June 24, 2021. He then failed to notify the Maryland bar of the District of Columbia discipline. This led to indefinite suspension of his Maryland license on November 15, 2021, for a minimum of one year. The Maryland license suspension was made effective to coincide with a previous order of temporary suspension dated September 13, 2021.

1

The parties entered into a summary submission agreement under Supreme Court Rule 223 (2022 Kan. S. Ct. R. at 278) (summary submission is "[a]n agreement between the disciplinary administrator and the respondent," which includes "a statement by the parties that no exceptions to the findings of fact or conclusions of law will be taken"). Marks admitted he violated D.C. Rules of Professional Conduct 1.1(a), 1.3(a), (b)(1), and (c), 1.15(a), 1.15(c), 8.4(c), and 8.4(d). The Kansas Rules of Professional Conduct he violated were KRPC 1.1 (2022 Kan. S. Ct. R. at 327) (competence), KRPC 1.3 (2022 Kan. S. Ct. R. at 331) (diligence), KRPC 1.15(a) and (b) (2022 Kan. S. Ct. R. at 372) (safekeeping property), KRPC 8.4(c) (2022 Kan. S. Ct. R. at 434) (dishonesty), KRPC 8.4(d) (2022 Kan. S. Ct. R. at 434) (engage in conduct prejudicial to the administration of justice), Supreme Court Rule 210(c) (2022 Kan. S. Ct. R. at 263) (duty to report), and Supreme Court Rule 221(b) (2022 Kan. S. Ct. R. at 276) (discipline imposed in another jurisdiction).

Before us, the parties stipulate that Marks violated KRPC 1.1, 1.3, 1.15(a), 1.15(b), 8.4(c), 8.4(d), Supreme Court Rule 210(c), and Supreme Court Rule 221(b). They jointly recommend a one-year suspension to run concurrent with the Maryland suspension effective September 13, 2021. The parties also recommend Marks undergo a reinstatement hearing under Supreme Court Rule 232(e) (2022 Kan. S. Ct. R. at 293) after both his District of Columbia and Maryland licenses are reinstated.

At the hearing before this court, the parties advised Marks' District of Columbia license is now reinstated, while reinstatement in Maryland remained pending. We also note his Kansas attorney registration is administratively suspended for failing to comply with registration requirements.

FACTUAL AND PROCEDURAL BACKGROUND

We quote from the summary submission:

"*Findings of Fact: The petitioner and respondent stipulate and agree that respondent engaged in the . . . misconduct as follows:*

. . . .

*"District of Columbia Discipline*

"5.     In June 2018, the District of Columbia Office of Disciplinary Counsel instituted disciplinary proceedings against respondent relating to his conduct while acting as trustee of a trust. Highly summarized, respondent: (1) failed to provide required accountings; (2) failed to marshal and maintain trust assets; (3) negligently misappropriated trust funds; and (4) made knowing misrepresentations to a court regarding his actions and inactions as trustee.

"6.     After the conclusion of a September 2019 evidentiary hearing where respondent appeared and was represented by counsel, the hearing committee that presided over the hearing issued a report in June 2020, concluding that clear and convincing evidence established that respondent violated the following D.C. Rules of Professional Conduct: 1.1(a) (failure to competently represent a client); 1.3(a), (b)(1), and (c) (failure to zealously represent client, seek the client's lawful objectives and act promptly); Rule 1.15(a) (commingling and misappropriation of client funds and failure to keep proper records); Rule 1.15(c) (failure to notify and deliver client funds); Rule 8.4(c) (engaging in conduct involving dishonesty); and Rule 8.4(d) (engaging in conduct that seriously interferes with the administration of justice).

"7.     The conduct proscribed by the D.C. Rules of Professional Conduct in paragraph 6, above, [is] substantially similar to the conduct proscribed by Kansas Rules of Professional Conduct: 1.1, 1.3, 1.15, and 8.4.

3

"8. Subsequently, the D.C. Bar's Board of Professional Responsibility (D.C. Board) issued its Report and Recommendation on April 14, 2021, affirming the findings and conclusions, on narrower grounds, of the hearing committee and recommended that respondent's law license be suspended for one year with reinstatement contingent on the completion of specified continuing legal education. Specifically, the D.C. Board found by clear and convincing evidence the respondent violated:

"a.    D.C. Rules of Professional Conduct 1.1(a) (failure to competently represent a client)[,] 1.3(a), (b)(1), and (c) (failure to zealously represent client, seek the client's lawful objectives and act promptly) as the respondent '. . . did not: (1) provide an accounting for the Trust in October 2011 and 2012, as required by the Trust and the District of Columbia Uniform Trust Code' . . . '(2) find safe living accommodations for the Trust Beneficiary . . . [and] (3) pay property taxes for the house in 2011 or the first half of 2012'. 'The Board agrees with the Hearing Committee that these actions, or failures to act, by Respondent, constitute a failure to provide competent representation and demonstrated a lack of diligence, zeal, and reasonable promptness in furtherance of the Trust's objectives and thus violated Rules 1.1(a) and 1.3(a) and (c).'

"b.    D.C. Rules of Professional Conduct 1.3(b)(1) '. . . by failing to maintain a habitable property and by failing to pay property taxes' '[I]t was still [respondent's] responsibility to provide for Beneficiary by other means.' 'Respondent knew as early as 2010 that Beneficiary was unable to live by herself and that the house was becoming "uninhabitable", yet he still did nothing to find alternative housing. In this way, Respondent intentionally failed to fulfill the objectives of the Trust, in violation of Rule 1.3(b)(1).' 'Respondent's neglect of his obligation to pay taxes on the property was intentional as well.' 'Despite receiving these documents, Respondent failed to pay property taxes in 2011 or

4

the first half of 2012.' 'We find this failure was intentional, in violation of Rule 1[.]3(b)(1).'

"c.    D.C. Rules of Professional Conduct 1.15(a)[.] 'The record establishes that Respondent withdrew $1,750 from the Trust account and used it for unauthorized personal purposes.' 'Respondent committed misappropriation negligently, in violation of Rule 1.15(a)'.

"d.    D.C. Rules of Professional Conduct 1.15(c)[.] 'The record shows that Respondent allowed two Social Security checks to sit in the Trust account between late 2009 and May 2013 without providing the money to Beneficiary, using it for her benefit, or trying to resolve his apparent concern that the government might reclaim the funds.' 'Therefore, the Board agrees that Respondent failed to promptly deliver funds to Beneficiary, in violation of Rule 1.15(c).'

"e.    D.C. Rules of Professional Conduct 8.4(c)[.] 'The Board finds that Respondent violated Rule 8.4(c) on two occasions, and that he did so with dishonest intent on both occasions: when he accused Ms. Walker of (1) never requesting an accounting, and (2) refusing to provide property tax statements.'

"f.    D.C. Rules of Professional Conduct 8.4(d)[.] 'Here, Respondent's conduct was "improper" in several respects arising from his overall failure to properly administer the Trust. These failures bore on the judicial process, and adversely impacted that process, because the probate court had to hold two hearings in April 2013 and appoint an Auditor-Master in order to correct Respondent's mistakes.' 'Therefore, the Board agrees with the Hearing Committee that Respondent violated Rule 8.4(d).'

"9.     Respondent did not take exceptions to [the] D.C. Board Report and Recommendation. Ultimately, the D.C. Court of Appeals issued an order of discipline on June 24, 2021, imposing the D.C. Board's recommended sanction upon respondent.

"a.     DC Bar Rule XI § 14(f) provides that, unless otherwise directed, respondent's order of suspension became 'effective thirty days after entry.'

"b.     Within ten days after the effective date of the order of suspension, respondent was required to file an affidavit with the DC Court and DC Board that he had complied with the DC requirements of [*sic*] to notify clients, adverse parties and opposing counsel of his suspension.

"c.     The DC Court of Appeals has held that the date of suspension from the practice of law 'is not deemed to have begun for reinstatement purposes' until the required affidavit is filed.

"d.     Respondent filed the required affidavit on August 6, 2021[,] and is eligible for reinstatement to the DC Bar 'without further proceedings' after August 6, 2022.

"10.     On June 24, 2021, the D.C. Office of Disciplinary Counsel notified the Kansas Office of Disciplinary Administrator (ODA) of the respondent's suspension by forwarding a copy of the D.C. Court of Appeal's order of suspension.

"11.     The ODA docketed the matter for investigation (DA13,733) and asked respondent to provide a response. The ODA received written responses from the respondent on July 31, 2021, and August 2, 2021, indicating that he did not plan to challenge the order of suspension and had no further information or documents to offer.

6

"12.     On August 27, 2021, the Attorney Grievance Commission of Maryland filed a petition for reciprocal discipline. Although the petition for reciprocal discipline included an allegation that respondent failed to notify the Maryland bar counsel of the discipline imposed in the District of Columbia on June 24, 2022 as required by Maryland rules of professional conduct, by email, dated July 2, 2021, Lydia E. Lawless, Bar Counsel for the Maryland Attorney Grievance Commission, acknowledged to respondent that she was 'in receipt of the Order of the District of Columbia Court of Appeals suspending [respondent] from the practice of law in the District of Columbia'.

"13.     On August 31, 2021, the Court of Appeals of Maryland issued a Show Cause Order.

"14.     On September 13, 2021, the Court of Appeals of Maryland issued a temporary suspension.

"15.     On November 15, 2021, a Joint Petition for Indefinite Suspension with the Right to Petition for Reinstatement in One Year resulted in the indefinite suspension of the respondent's Maryland law license. Respondent was suspended effective September 13, 2021[,] and is eligible to petition for reinstatement on September 13, 2022.

"16.     Respondent failed to report the Maryland temporary suspension or indefinite suspension to the Kansas disciplinary administrator's office as required by Rule 210(c) (2022 Kan. S. Ct. R. at 263) and Rule 221(b) (2022 Kan. S. Ct. R. at 276).

"*Conclusions of Law: The petitioner and respondent stipulate and agree there is clear and convincing evidence that respondent violated the following Kansas Supreme Court Rules and Kansas Rules of Professional Conduct, respondent engaged in misconduct as follows:*

"17.    Rule 221(c)(1) provides:

> 'Reciprocal Discipline. When the licensing authority of another jurisdiction disciplines an attorney for a violation of the rules governing the legal profession in that jurisdiction, for the purpose of a disciplinary board proceeding under these rules, the following provisions apply.
>
> (1) If the determination of the violation was based on clear and convincing evidence, the determination is conclusive evidence of the misconduct constituting the violation of these rules.'

"a.    In this case, the District of Columbia Board of Professional Responsibility found by clear and convincing evidence that respondent violated their rules of professional conduct Rule 1.1(a) (failure to competently represent a client); Rule 1.3(a), (b)(1), and (c) (failure to zealously represent client, seek the client's lawful objectives and act promptly); Rule 1.15(a) (commingling and misappropriation of client funds and failure to keep proper records); Rule 1.15(c) (failure to notify and deliver client funds); Rule 8.4(c) (engaging in conduct involving dishonesty); and Rule 8.4(d) (engaging in conduct that seriously interferes with the administration of justice). The District of Columbia Court of Appeals adopted the Board report and imposed discipline.

"18.    Kansas Rule of Professional Conduct 1.1 (competence). In this case, the respondent's failure to provide an accounting for the Trust in October 2011 and 2012, failure to find safe living accommodations for the Trust Beneficiary, and failure to pay property taxes for the house in 2011 or the first half of 2012 violated D.C. and Kansas rules of professional conduct related to competence.

8

"19.     Kansas Rule of Professional Conduct 1.3 (diligence). In this case, the respondent's failure to provide an accounting for the Trust in October 2011 and 2012, failure to find safe living accommodations for the Trust Beneficiary, and failure to pay property taxes for the house in 2011 or the first half of 2012. Additionally, his failure to maintain a habitable property and failure to pay property taxes violated D.C. and Kansas rules of professional conduct related to diligence.

"20.     Kansas Rule of Professional Conduct 1.15(a) (safekeeping property). In this case, the respondent's withdrawal of $1,750 from the Trust account and using it for unauthorized personal purpose violated D.C. and Kansas rules of professional conduct related to comingling or misappropriation of property.

"21.     Kansas Rule of Professional Conduct 1.15(b) is substantially similar to D.C. Rule of Professional Conduct 1.15(c).

> "KRPC 1.15
>
> . . . [.]
>
> '(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.'
>
> "D.C. Rule of Professional Conduct 1.15
>
> . . . [.]

'(c) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property, subject to Rule 1.6.'

"a.    In this case, the respondent allowed two Social Security checks to sit in the Trust account between 2009 and May 2013 without providing the money to the beneficiary, using it for her benefit, or trying to resolve his apparent concern that the government might reclaim the funds which violated D.C. Rule 1.15(c) and KRPC1.15(b) related to failure to notify and deliver client funds.

"22.    Kansas Rule of Professional Conduct 8.4(c) (dishonesty)[.] In this case, the respondent accused Ms. Walker of (1) never requesting an accounting, and (2) refusing to provide property tax statements which were deliberately false statements that violated D.C. and Kansas rules of professional conduct related to dishonest conduct.

"23.    Kansas Rule of Professional Conduct 8.4(d) (prejudicial to administration of justice)[.] In this case, the respondent's failure to properly administer the Trust caused the probate court to hold two hearings in April 2013 and appoint an Auditor-Master in order to correct the respondent's mistakes which violated D.C. and Kansas rules of professional conduct related to the administration of justice.

"24.    Rule 210(c) provides that a respondent has a duty to report misconduct to the disciplinary administrator. In this case, the respondent failed to report the Maryland temporary suspension or indefinite suspension to the Kansas disciplinary administrator's office as required.

10

"25.	Rule 221(b) provides:

> 'Duty to Report Discipline. When the licensing authority of another jurisdiction disciplines an attorney for a violation of the rules governing the legal profession in that jurisdiction or refers an attorney to the attorney diversion program or comparable program in that jurisdiction, the attorney must notify the disciplinary administrator in writing of the discipline or referral no later than 14 days after the discipline is imposed or the referral is made.'

"a.	In this case, the respondent failed to report the Maryland temporary suspension or indefinite suspension to the Kansas disciplinary administrator's office as required.

*"Applicable Aggravating and Mitigating Circumstances:*

"26.	Aggravating Circumstances:

"a.	Multiple offenses: In this case, the respondent violated multiple rules including KRPC 1.1, 1.3, 1.15, and 8.4. Additionally, the respondent violated Kansas Rule of Professional Conduct (KRPC) 210 and KRPC 221 when he failed to report the Maryland temporary suspension or indefinite suspension to the Kansas disciplinary administrator.

"27.	Mitigating Circumstances:

"a.	Absence of a prior disciplinary record: In this case, the respondent does not have a prior disciplinary record.

"b.	Cooperation: In this case, the respondent acknowledged his transgressions in his initial written response to the investigator.

11

"c.     Respondent took steps to rectify the harm caused by his actions and did not seek or obtain personal profit from his misconduct.

"d.     Character witnesses attested to the many ways in which Respondent has acted with kindness and decency over the years, and that Respondent is respected not just in the legal community, but in his religious and social community.

"28.     Neutral Factors:

"a.     Experience in the practice of law. The respondent was licensed to practice law in Kansas since 1987; however, the respondent has never practiced law in Kansas and his license status has been inactive since 1998.

*"Recommended Discipline:*

"29.     The parties jointly recommend a one-year suspension to run concurrent with the Maryland suspension effective September 13, 2021, with the requirement that respondent undergo a reinstatement hearing pursuant to Supreme Court Rule 232 after both D.C. and Maryland licenses have been reinstated. Respondent's suspension concurrent with Maryland is appropriate since the purpose of the Kansas Rules of Professional Conduct 'is not punishment, but to protect the public from incompetent or unscrupulous attorneys, maintain the integrity of the profession, and protect the administration of justice from reproach.' *See In re Daugherty*, 285 Kan. 1143, 1154 (Kan. 2008), *citing In re Twohey*, 191 Ill. 2d 75, 727 N.E.2d 1028 (2000).

"a.     A retroactive suspension is appropriate since Respondent has or will have served a one-year suspension in the District of Columbia and Maryland, respectively, which accomplish the purpose of Kansas Rules of Professional Conduct to protect the

12

public, maintain the integrity of the profession and protect the administration of justice from reproach.

"b. Several mitigating and neutral factors in support of respondent's misconduct are set forth in paragraphs 27 and 28, above.

"c. Respondent is required to have a Rule 232 Reinstatement hearing.

*"Other Stipulations:*

"30. The respondent waives his right to a hearing on the formal complaint as provided in Supreme Court Rule 222(c).

"31. The petitioner and respondent agree that no exceptions to the findings of fact and conclusions of law will be taken.

"32. The complainant in this matter is deemed to be the disciplinary authority for the District of Columbia. Notice of the Summary Submission will be provided to the complainant, and they will be given 21 days to provide the disciplinary administrator with their position regarding the agreement as provided in Supreme Court Rule 223(d).

"33. The respondent understands and agrees that pursuant to Supreme Court Rule 223(f), this Summary Submission agreement is advisory only and does not prevent the Supreme Court from making its own conclusions regarding rule violations or imposing discipline greater or lesser than the parties' recommendations.

"34. The respondent also understands and agrees that after entering into this Summary Submission Agreement he will be required to appear before the Kansas Supreme Court for oral argument under Supreme Court Rule 228(i).

"35. The petitioner and respondent agree that the exchange and execution of copies of this Agreement by electronic transmission shall constitute effective execution

13

and delivery of the Agreement and that copies may be used in lieu of the original and the signatures shall be deemed to be original signatures.

"36.  A copy of the Summary Submission will be provided to the Board Chair as required by Supreme Court Rule 223(e)."

## DISCUSSION

Generally, in a disciplinary proceeding, this court considers the evidence, the panel's findings, and the parties' arguments to determine whether KRPC violations exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by clear and convincing evidence. *In re Foster*, 292 Kan. 940, 945, 258 P.3d 375 (2011); see also Supreme Court Rule 226(a)(1)(A) (2022 Kan. S. Ct. R. at 281). "Clear and convincing evidence is 'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable."'" *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009).

Marks had adequate notice of the formal complaint, to which he filed an answer. He also had adequate notice of the hearing before the panel but waived that hearing after entering into the summary submission agreement. This agreement includes the parties' understanding that no exception to the findings of facts and conclusions of law would be taken. The chair of the Kansas Board for Discipline of Attorneys approved the summary submission and cancelled a hearing under Rule 223(e)(2). As such, the factual findings contained in the summary submission are deemed admitted. See Supreme Court Rule 228(g)(1) (2022 Kan. S. Ct. R. at 288).

We adopt the findings and conclusions in the summary submission, which taken together with the parties' stipulations establish by clear and convincing evidence that his

14

conduct violated KRPC 1.1, 1.3, 1.15(a)-(b), 8.4(c)-(d), Rule 210(c), and Rule 221(b). The remaining issue is the appropriate discipline.

An agreement to proceed by summary submission is advisory only and does not prevent us from imposing discipline greater or lesser than the parties' recommendation. Rule 223(f). The same is true about conditions for reinstatement. The parties jointly recommend Marks' license to practice law be suspended for one year to run concurrent with the Maryland suspension that was made effective as of September 13, 2021. They also agree Marks should undergo a reinstatement hearing under Supreme Court Rule 232(e) (2022 Kan. S. Ct. R. at 293) after both his Maryland and District of Columbia licenses are reinstated.

We hold Marks should be suspended for a period of one year to run concurrent with the Maryland suspension still in effect as of the hearing before our court. He may petition for reinstatement under Rule 232(b) after reinstatement of both his Maryland and District of Columbia licenses. His petition for reinstatement in Kansas must be accompanied by supporting documentation of reinstatements in Maryland and the District of Columbia. We will not require a reinstatement hearing unless the Disciplinary Administrator moves for one. See Rule 232(d). Marks also will need to fully address his administrative suspension in Kansas by the time of any petition for reinstatement.

CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that Isaac Henry Marks Sr. be and he is hereby disciplined with a one-year suspension in accordance with Supreme Court Rule 225(a)(3) (2022 Kan. S. Ct. R. at 281). This suspension will run concurrent with the Maryland suspension. We further order as a condition of reinstatement of his Kansas license that Marks show his Maryland and District of Columbia law licenses are reinstated.

15

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to Marks and that this opinion be published in the official Kansas Reports.