IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 129,389

In the Matter of ALLISON G. KORT,
*Respondent*.

ORIGINAL PROCEEDING IN DISCIPLINE

Original proceeding in discipline. Oral argument held October 27, 2025. Opinion filed December 26, 2025. Three-year suspension, stayed; two-year probation with possibility of early discharge.

*Kate Duncan Butler*, Deputy Disciplinary Administrator, argued the cause, and *Gayle B. Larkin*, Disciplinary Administrator, and *Julia A. Hart*, Deputy Disciplinary Administrator, were on the formal complaint for petitioner.

*Brittain McClurg*, of Morrow Willnauer Church LLC, of Kansas City, Missouri, argued the cause, and *Allison G. Kort,* respondent, argued the cause pro se.

PER CURIAM: This is a reciprocal attorney discipline proceeding against respondent Allison G. Kort, of Kansas City, Missouri, based on attorney discipline imposed on Kort by the Missouri Supreme Court. Supreme Court Rule 221(c) (2025 Kan. S. Ct. R. at 270). Kort received her license to practice law in Kansas in December 2015. Kort also is a licensed attorney in Missouri, admitted in 2017, and in New York, admitted in 2000. She has inactive licenses in California and North Carolina.

On June 15, 2023, the Missouri Office of Chief Disciplinary Counsel ("OCDC") sought an interim suspension of respondent's Missouri law license after she missed filing deadlines in multiple clients' cases and failed to respond to the OCDC's requests for information.

1

On June 21, 2023, the Missouri Supreme Court granted the OCDC's motion and suspended respondent's law license. On June 30, 2023, respondent, through counsel, filed a motion to dissolve the interim suspension. On July 5, 2023, the court denied the motion and indefinitely suspended respondent's Missouri law license.

On July 19, 2023, respondent self-reported to the Kansas Office of the Disciplinary Administrator ("ODA") that Missouri had suspended her law license.

On December 12, 2023, in Missouri's disciplinary action, respondent and the OCDC submitted a joint stipulation of facts, conclusions of law, and recommendation for discipline to the Missouri disciplinary hearing panel.

The stipulation of facts was related to Kort's representation of clients in five different cases and resulted in Kort's stipulation to violations of Missouri Rules of Professional Conduct (MRPC) 4-1.1 (competence), MRPC 4-1.3 (diligence), MRPC 4-3.4(c) (fairness to opposing party and counsel), and MRPC 4-8.1(c) (bar admission and disciplinary matters). The equivalent Kansas Rules of Professional Conduct (KRPC) are 1.1 (2025 Kan. S. Ct. R. at 320) (competence), 1.3 (2025 Kan. S. Ct. R. at 324) (diligence), 3.4(c) (2025 Kan. S. Ct. R. at 387) (fairness to opposing party and counsel), and 8.1(b) (2025 Kan. S. Ct. R. at 424) (bar admission and disciplinary matters).

Based on the stipulated facts and stipulated rules violations, the parties jointly recommended the following discipline to the Missouri Supreme Court: indefinite suspension, with no leave to apply for reinstatement for one year, but that the suspension be stayed and that respondent be placed on probation for three years. On January 8, 2024, the Missouri hearing panel accepted the parties' stipulation and recommendation for discipline.

On April 2, 2024, the Missouri Supreme Court ordered that respondent's law license be indefinitely suspended, with no leave to apply for reinstatement for one year for violating the rules previously identified. The court stayed the suspension and placed respondent on probation for three years.

The Missouri Supreme Court ordered terms and conditions for respondent to follow while on probation, including having a probation monitor, providing quarterly reports, compliance with the rules of professional conduct, attending additional continuing legal education, participating in mental health treatment, maintaining malpractice insurance, submitting to trust account audits, and paying costs and fees.

The New York Supreme Court suspended respondent's license on January 23, 2024, due to the discipline in Missouri.

Prior to the Missouri discipline, respondent had not been disciplined in any of the jurisdictions where she holds a law license.

Based on her self-reporting, the ODA filed a formal complaint against respondent on May 19, 2025, alleging violations of the KRPC arising from the conduct underlying the Missouri disciplinary action. Respondent filed an answer on June 9, 2025, and has fully cooperated with the ODA.

On June 23, 2025, the parties entered into a summary submission agreement under Supreme Court Rule 223 (2025 Kan. S. Ct. R. at 271) (summary submission is "[a]n agreement between the disciplinary administrator and the respondent," which includes "a

statement by the parties that no exceptions to the findings of fact or conclusions of law will be taken"). In the summary submission agreement, the ODA and Kort stipulate and agree that the conduct underlying the disciplinary case in Missouri also violated the following Kansas Rules of Professional Conduct:

- KRPC 1.1 (competence),
- KRPC 1.3 (diligence),
- KRPC 3.4(c) (fairness to opposing party and counsel), and
- KRPC 8.1(b) (bar admission and disciplinary matters).

The parties stipulate to the existence of certain aggravating and mitigating factors. Before us, the parties jointly recommend that we suspend the respondent's license for 3 years, that the suspension be stayed, and respondent be immediately placed on 24 months of probation under certain recommended probation conditions.

Further, the parties jointly recommend that we allow respondent to petition this court for early termination of her Kansas disciplinary probation upon successful completion of her Missouri three-year disciplinary probation (anticipated to be April 2, 2027).

FACTUAL AND PROCEDURAL BACKGROUND

We quote the relevant portions of the parties' summary submission below, beginning with the stipulations of facts relating to the conduct resulting in respondent's Missouri disciplinary case.

"*Findings of Fact*

. . . .

"COUNT 1
"K.C.M. v N.C.R., Case No. WD85306

"6. Respondent entered her appearance in Case No. 2016-FC09341 on March 29, 2022[,] for the purposes of representing K.C.M. in the subsequent appeal number WD85306.

"7. Rule 78.07(c) requires that in judge tried cases, any challenge to the form or language of the trial court's judgment must be brought up in a timely motion to amend the judgment in order for the issue to be preserved for appeal.

"8. Rule 78.04 makes this motion due not more than 30 days after a judgment.

"9. Rule 44.01(b) sets out that this 30-day period cannot be extended for any reason.

"10. Rule 103.06 sets out that filing deadlines are 11:59:59 p.m. Central Time on the due date.

"11. The judgment in Case No. 2016-FC09341 was filed on February 28, 2022, making any post-judgment motion due 30 days later no later than 11:59:59 p.m.—March 28, 2022.

"12. On March 29, 2022, at 12:01 a.m., respondent entered her appearance in the case and filed a motion to amend the judgment.

"13. Because respondent failed to meet the March 28 deadline, respondent failed to preserve any challenge to the form or language of the judgment for appeal, a category under which many common issues in paternity cases would fall.

"14. Respondent filed a Notice of Appeal under Rule 81.05.

"15. The case was docketed in the Missouri Court of Appeals, Western District, as Case No. WD85306.

"16. Respondent filed her record on appeal on August 5, 2022, which made the brief due 60 days later, on October 4, 2022.

"17. Respondent did not timely file a brief nor did she file a motion seeking an extension of time.

"18. On October 5, 2022, Respondent filed a motion for an extension of time seeking an additional 30 days. This motion was granted.

"19. By November 3, 2022, respondent had not filed a brief or a motion for an extension of time.

"20. On November 4, 2022, the Missouri Court of Appeals, Western District issued a notice under Rule 84.08 that if no brief was filed within 15 days, the appeal would be dismissed.

"21. The same day, respondent requested an additional extension of time which was granted. However, the Court required respondent to waive any further Rule 84.04 15-day notices, and respondent was given until December 5, 2022.

"22. On December 5, 2022, respondent requested an additional 15-day extension of time to December 20, 2022.

"23. On December 20, 2022, respondent requested an additional 7 days.

"24. The Court granted respondent time until January 3, 2023[,] and noted, 'NO MORE EXTENSIONS WILL BE GRANTED.'

6

"25. Respondent did not file a brief nor did she file any further motion for an extension of time.

"26. On January 4, 2023, respondent attempted to file a brief, but the brief was rejected as untimely.

"27. On January 6, 2023, the client's appeal was dismissed.

"COUNT 2
"S.K. v. T.K. and M.K., Case No. WD85701

"28. Respondent entered in S.K. v. T.K. and M.K., Case No. WD85701, as counsel for T.K.

"29. Appellant's counsel filed a brief on November 29, 2022.

"30. Under Rule 84.05(a), this made respondent's brief due on or before December 29, 2022.

"31. Respondent did not file any brief, nor did she request an extension of time to file one by December 29, 2022.

"32. On January 12, 2023, respondent filed a Motion for Extension of Time to File Brief of Respondent T.K. out of time, requesting an extension of time of 30 days to file Respondent's brief, until January 30, 2023. In her January 12, 2023 motion, respondent admitted her motion was filed 14 days after the original deadline, and that she had not realized she had missed the deadline until January 11, 2023.

"COUNT 3
"[N.A. v. A.B.], Case No. WD85662

"33. [A.B.] hired respondent to represent her in an appeal of a child custody case after the conclusion of a trial.

"34. Respondent filed a Notice of Appeal on September 2, 2022.

"35. Respondent's brief was due on December 19, 2022.

"36. No brief was filed on December 19, 2022.

"37. Respondent did not file an extension of time to file her brief on December 19, 2022.

"38. The Court of Appeals sent a dismissal notice to respondent on December 20, 2022, granting an extension to January 4, 2023.

"39. Respondent filed a motion for extension and was granted until January 18, 2023, with the Court of Appeals noting that no further extensions would be provided.

"40. Respondent did not file a brief nor did she file a motion seeking an extension of time to file a brief.

"41. The Court of Appeals, on its own motion, granted respondent to February 4, 2023[,] to file a brief.

"42. On February 3, 2023, respondent filed portions of a brief, blank pages, and exhibits.

"43. On February 4, 2023, respondent did not file anything more.

"44. On February 6, 2023, the Court of Appeals dismissed the client's appeal.

"COUNT 4
"[C.H. v. C.H.], Case No. WD85521

"45. Respondent represented Appellant in [C.H. v. C.H.], Case No. WD85521.

8

"46. Respondent filed a motion for an extension of time to file her brief on October 25, 2022.

"47. The Court of Appeals granted her motion, and extended the due date to November 23, 2022.

"48. By November 23, 2022, respondent had not filed a brief nor sought an extension of time.

"49. On November 28, 2022, the Court of Appeals, on its own motion, gave respondent until December 14, 2022[,] to complete her brief.

"50. On December 14, 2022, respondent filed a non-compliant brief, which the Court of Appeals struck.

"51. On December 30, 2022, respondent filed a Motion to File an Amended Brief Out of Time.

"52. On January 9, 2023, the Court of Appeals dismissed the client's appeal for failing to prosecute.

"53. On January 25, 2023, respondent filed a Motion to Reconsider the appellate court's decision to dismiss her client's appeal. This motion was denied.

"54. In the respondent's motion to reconsider, she explained, '[T]he involuntary dismissal of Father's appeal resulted solely from undersigned counsel's mistake and neglect, in failing to perfect the appeal by timely filing Appellant's Brief . . . .'

"55. In the same document, respondent further stated that her client's appeal was 'involuntarily dismissed because his attorney failed to exercise proper judgment in managing her time, work schedule, and obligations to this Court and her clients.'

9

"COUNT 5

"[O.S. v. J.S.], Case No. WD85864

"56. Respondent represented Appellant, [J.S.], in Case No. WD85864.

"57. On February 27, 2023, respondent filed a Motion for Extension of Time to File Brief of Appellant.

"58. On March 7, 2023, the Court of Appeals granted respondent's motion, giving her to March 29, 2023, and warning 'PER WESTERN DISTRICT RULE 30, NO FURTHER EXTENSIONS WILL BE GRANTED.'

"59. Respondent did not file a brief by March 29, 2023.

"60. On March 30, 2023, on its own motion, the Court of Appeals granted respondent until April 14, 2023[,] to file the brief, and it also sent respondent a Dismissal Notice.

"61. By April 14, 2023, respondent had not filed a brief.

"62. On April 15, 2023, respondent filed a brief.

"63. On April 17, 2023, the Court of Appeals struck respondent's brief for failing to comply with the requirements of Rule 84.04.

"64. On its own motion, the Court of Appeals gave respondent until May 4, 2023[,] to file an amended brief correcting the violations of Rule 84.04.

"65. On May 5, 2023, respondent filed her first amended brief and the Court of Appeals, on its own motion, granted an extension and accepted the brief as timely.

"66. On May 17, 2023, respondent filed a Motion to File Amended Brief, which sought to correct deficiencies in the first amended brief.

10

"67. On May 18, 2023, respondent's opponent filed a Motion for Dismissal, which the Court of Appeals designated as 'Taken with the Case.'

"COUNT 6

"FAILURE TO COOPERATE WITH INFORMANT'S INVESTIGATION

"68. On March 17, 2023, informant sent respondent a written demand to provide informant with a complete written response to Complaint #23- 61-IV.

"69. Respondent's response was due on March 31, 2023.

"70. Respondent did not file a response by March 31, 2023.

"71. On April 7, 2023, informant sent a second written demand for respondent's written response to Complaint #23-61-1V.

"72. Respondent was given until April 14, 2023, to submit a written response.

"73. By April 14, 2023, respondent had not filed any response with informant, nor did respondent seek additional time to file a response.

"74. Informant's written demands for information from respondent are both included together in Exhibit 10 along with a Business Records Affidavit."

In addition to these underlying stipulated facts, respondent and the Kansas ODA jointly stipulate to the following conclusions of law, aggravating and mitigating factors, and ultimate recommendation of discipline:

"*Conclusions of Law*

"17. Based on the facts quoted above, respondent stipulated that she violated MRPC 4-1.1 (competence), MRPC 4-1.3 (diligence), MRPC 4-3.4(c) (fairness to opposing party and counsel), and M[RP]C 8.1(c) (bar admission and disciplinary

11

matters). The equivalent Kansas Rules of Professional Conduct (KRPC) are 1.1 (competence), 1.3 (diligence), 3.4(c) (fairness to opposing party and counsel), and 8.1(b) (bar admission and disciplinary matters).

"18. Based on the facts and rules stipulated, the parties jointly recommended the following discipline: indefinite suspension, with no leave to apply for reinstatement for one year, but that the suspension be stayed and that respondent be placed on probation for three (3) years.

"19. On January 8, 2024, the Missouri hearing panel accepted the parties' stipulation and recommendation for discipline.

"20. On April 2, 2024, the Missouri Supreme Court ordered that respondent's law license be indefinitely suspended, with no leave to apply for reinstatement for one year for violating the following Missouri Rules of Professional Conduct: 4-1.1 (competence), 4-1.3 (diligence), 4-3.4(c) (fairness to opposing party and counsel), and M[RP]C 8.1(c) (bar admission and disciplinary matters). The court stayed the suspension and placed respondent on probation for three (3) years.

"21. The Missouri Supreme Court ordered terms and conditions for respondent to follow while on probation, including having a probation monitor, providing quarterly reports, compliance with the rules of professional conduct, attending additional continuing legal education, participating in mental health treatment, maintaining malpractice insurance, submitting to trust account audits, and paying costs and fees.

"22. Before this Missouri discipline, respondent had not been disciplined in any of the jurisdictions where she holds a law license.

"23. Under Rule 223(b)(1), the respondent admits that she engaged in misconduct. Under Rule 223(b)(2)(C), the parties stipulate that the findings of fact stated above constitute clear and convincing evidence of a violation of KRPC 1.1 (competence), KRPC 1.3 (diligence), KRPC 3.4(c) (fairness to opposing party and counsel), and KRPC 8.1(b) (bar admission and disciplinary matters).

"24. KRPC 1.1 requires attorneys to provide competent representation, which requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation.

"25. The parties stipulate that the respondent violated KRPC 1.1 (competence) by failing to exercise the necessary thoroughness and preparation for the representation by failing to properly adhere to the court's deadlines in the following client's cases:

"a. In *K.C.M. v. N.C.R.* (case no. WD85306), respondent failed to meet the trial court's post-judgment motions deadline. Further, during the appeal of this case, respondent failed to meet appellate court filing deadlines on October 4, 2022, November 2, 2022, and January 2, 2023.

"b. In *S.K. v. T.K. and M.K.* (case no. WD85701), respondent failed to meet the December 29, 2022, appellate court brief deadline. Respondent requested an extension and filed her brief on the final day authorized.

"c. In [*N.A. v. A.B.*] (case no. WD85662), respondent failed to meet appellate filing deadlines for her client's brief on December 19, 2022, January 18, 2023, and December 4, 2023.

"d. In [*C.H. v. C.H.*] (case no. WD85521), respondent failed to meet appellate filing deadlines for her client's brief on November 23, 2022, and December 14, 2022.

"e. In [*O.S. v. J.S.*] (case no. WD85864), respondent missed numerous filing deadlines, including March 29, 2023, and April 14, 2023. The respondent filed her brief on April 17, 2023, which the clerk's office rejected due to deficiencies. The court set a new brief filing deadline on May 4, 2023. While respondent met the deadline, she failed to correct all deficiencies, so the court dismissed the appeal.

"26. KRPC 1.3 requires an attorney to act with reasonable diligence and promptness in representing a client.

"27. The parties stipulate that respondent violated KRPC 1.3 when she failed to timely file motions and appellate briefs on behalf of her clients, as follows:

"a. In *K.C.M. v. N.C.R.* (case no. WD85306), respondent failed to meet the trial court's post-judgment motion deadline, causing her client to lose the ability to challenge the judgment's form and language. Further, during the appeal, respondent failed to meet appellate deadlines on October 4, 2022; November 2, 2022; and January 2, 2023, which result[ed] in the appellate court dismissing K.C.M.'s appeal.

"b. In *S.K. v. T.K. and M.K.* (case no. WD85701), respondent represented T.K. During the appeal, respondent failed to meet the filing deadline on December 29, 2022. Respondent requested an extension and filed her brief on the final day allowed.

"c. In [*N.A. v. A.B.*] (case no. WD85662), respondent represented A.B. on appeal. Respondent failed to meet filing deadlines on December 19, 2022, January 18, 2023, and December 4, 2023, resulting in the court dismissing the client's appeal.

"d. In [*C.H. v. C.H.*] (case no. WD85521[)], respondent represented the appellant, C.H. Respondent failed to meet filing deadlines on November 23, 2022, and December 14, 2022. As a result, the court dismissed C.H.'s appeal. In her motion to reconsider the dismissal, respondent acknowledged she failed to timely file the brief because she 'failed to exercise proper judgment in managing her time, work schedule, and obligations to this Court and her clients.'

"e. In [*O.S. v. J.S.*] (case no. WD85864), respondent represented the appellant, J.S. Respondent missed filing deadlines on March 29, 2029, and April 14, 2023. Respondent filed her brief on April 17, 2023, but it was deficient, and the clerk's office rejected it. The court set a May 4, 2023 filing deadline for respondent to correct deficiencies. Respondent filed the brief but failed to correct all deficiencies. On defendant's motion, the court dismissed the appeal on May 18, 2023.

"28. KRPC 3.4(c) requires attorneys not to knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists.

"29. The parties stipulate respondent violated KRPC 3.4(c) when she failed to comply with the court's filing deadlines. Respondent's failure to comply with the court's deadlines harmed several clients, including K.C.M., A.B., C.H., and J.S., by dismissing their appeals, not on the merits, but due to respondent's failure to meet filing deadlines.

"30. KRPC 8.1(b) prohibits attorneys from knowingly failing to respond to a lawful demand for information from a disciplinary authority.

"31. The parties stipulate that the respondent violated KRPC 8.1(b) by failing to respond to a written demand for information from the OCDC when respondent failed to provide written responses to complaints by the OCDC's due dates of March 31, 2023, and April 14, 2023, after the OCDC sent such requests to respondent's address of record.

"*Aggravating and Mitigating Factors*

"32. *Aggravating Circumstances*. Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline imposed.

"33. *Pattern of Misconduct.* Respondent's misconduct involved five (5) clients and multiple instances within each client's case where respondent failed to properly and/or timely file post-judgment pleadings or appellate briefs.

"34. *Multiple Offenses.* In addition to violating KRPCs 1.1 and 1.3, respondent failed to timely respond to the OCDC's lawful request for information regarding the complaints that make up this reciprocal discipline case.

"35. *Substantial Experience in the Law.* Respondent has been admitted to practice law in Kansas since December 23, 2015. In addition to holding a Kansas law license, respondent has also obtained licensure in four additional states.

15

"36. *Mitigating Circumstances.* Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed.

"37. *Absence of a Prior Disciplinary Record.* Outside of the original discipline to respondent's Missouri law license and the reciprocal disciplinary action to respondent's New York law license, the respondent has no prior discipline.

"38. *Full and Free Disclosure to the Disciplinary Board or Cooperative Attitude Toward Proceedings.* The respondent has cooperated fully in the instant Kansas disciplinary process.

"39. *Absence of dishonest or selfish motive.* Respondent's motives for failing to file briefs and pleadings timely were based, in large part, on the respondent being overwhelmed, disorganized, and failing to address mental health issues adequately. The evidence does not support that the respondent violated her ethics requirements due to a dishonest or selfish motive.

"40. *Personal or Emotional Problems Contributed to Respondent's Rule Violations*: Respondent has been diagnosed with mental health conditions, including anxiety, ADHD, and depression that affected her ability to practice law. During her misconduct, respondent told the investigator and the Missouri disciplinary authorities that she felt overwhelmed and has since increased medical and therapeutic management of her diagnoses.

"41. *Timely good faith effort to make restitution or rectify the consequences of misconduct.* Respondent obtained a home equity loan to pay refunds to the affected clients who desired them.

"42. *Present and Past Attitude of Respondent.* Respondent timely reported the Missouri discipline to the ODA and has cooperated in the disciplinary process in Kansas, as evidenced by entering into this summary submission.

16

"43. *Previous Good Character and Reputation in the Community, Including Letters from Clients, Friends, and Lawyers in Support of the Character and General Reputation of the Attorney.* The respondent is actively involved in the legal community and well-regarded by colleagues.

"44. *Imposition of Other Penalties or Sanctions*: The respondent was subject to interim suspension in Missouri and is now subject to a stayed indefinite suspension of her law license while she completes a three-year probation. Additionally, New York's disciplinary authority suspended respondent's law license on January 23, 2023. This New York suspension remains in place until respondent resolves her disciplinary matters.

"45. *Remorse.* The respondent has shown remorse for her misconduct.

"*Recommendation for Discipline*

"46. Under Rule 223(b)(3) (2025 Kan. S. Ct. R. at 271), the parties jointly recommend that the Supreme Court suspend the respondent's license for three years, that the suspension be stayed, and respondent be immediately placed on twenty-four (24) months of probation.

"47. The parties jointly recommend that the Kansas Supreme Court allow respondent to petition the Kansas Supreme Court for early termination of her Kansas disciplinary probation upon successful completion of her Missouri three-year disciplinary probation (anticipated to be April 2, 2027).

"a. Requiring respondent to apply for early termination of probation in a reciprocal discipline case upon successful completion of probation in the original jurisdiction the misconduct occurred will 'accomplish the purpose of Kansas Rules of Professional Conduct to protect the public, maintain the integrity of the profession and protect the administration of justice from reproach.' *In re Marks*, 317 Kan. 10, 17-18, 522 P.3d 789, 794-795 (2023).

"b. Several mitigating factors in support of respondent's misconduct are set forth in paragraphs 37 through 45, above.

17

"48. The parties jointly recommend that respondent be subject to the following probation conditions[:]

"a. *Missouri Attorney Probation.* Respondent began her three-year disciplinary probationary period in Missouri on April 2, 2024. As a term of her Kansas disciplinary probation, respondent must comply with her Missouri probation and successfully complete it.

i. Respondent shall notify the ODA immediately if she violates any terms or conditions of her Missouri disciplinary probation.

"[b]. *Quarterly Reporting*:  Respondent will submit written quarterly reports to the ODA. The quarterly reports shall be due March 31, June 30, September 30, and December 31 of each calendar year for the pendency of respondent's probation. Each written report shall include:

[i].  Any change of address;

[ii]. Any missed statutory or court-ordered deadlines;

[iii]. Any violations of the rules of professional conduct or any disciplinary complaints docketed against respondent; and

[iv]. A report on the status of probation conditions.

"[c]. *Probation Conditions*. Respondent shall comply with the following conditions:

1.) Malpractice Insurance:  Maintain in an amount not less than $100,000 per occurrence and an aggregate amount not less than $300,000.

2.) Mental Health Treatment:  Continue participating in counseling/therapy and follow all treatment recommendations to manage

18

work and life stress to help ensure deadline compliance. Upon request, respondent shall provide the ODA with written reports from her treating professional(s) outlining her diagnosis, treatment plan, compliance, condition status, and prognosis. If requested, respondent shall sign all necessary releases to share this information with ODA.

3.) KALAP Monitoring Agreement: Respondent shall continue her KALAP monitoring agreement and sign all releases to allow KALAP to communicate with the ODA on respondent's compliance.

"[d]. Practice Supervision. Respondent will continue to be supervised by Amy E. Elliot, an Overland Park, Kansas attorney. Ms. Elliot will supervise respondent as follows:

1.) Meet monthly with respondent to ensure she is complying with the terms of her Kansas and Missouri disciplinary probation;

2.) Monitor whether respondent fails to meet statutory or court-issued deadlines. Respondent will inform practice supervisor of any events, issues, and problems experienced or expected in the pending cases, including any and all missed deadlines. Respondent will allow the practice supervisor to access her clients' files, computer, calendar, and trust account records. Respondent will comply with any requests made by the practice supervisor regarding these topics;

3.) Monitor that respondent continues to engage in mental health management;

'4.) Monitor whether respondent complies with her KALAP monitoring agreement; and

5.) The practice supervisor will provide the ODA and the respondent with a monthly written report regarding the respondent's compliance.

"[e]. *Other Conditions of Probation*. In addition to the requirements set forth above, the respondent agrees to the following terms and conditions:

1.) Do not violate the law;

2.) Do not miss any statutory or court-ordered deadlines;

3.) Comply with the rules of professional conduct, including notifying the ODA within fourteen (14) days of any change of employment; and

4.) Pay all costs of probation.

"[f]. *Release from Probation*. Respondent will remain on probation until she seeks and obtains a release from probation by the Supreme Court, pursuant to Rule 227(g). (2025 Kan. Sup. Ct. R. at 277.)

"[g]. *Continued Cooperation*. Respondent shall continue to cooperate with the ODA. If the ODA requests additional information regarding probation compliance, respondent shall promptly provide such information.

"[h]. *Immunity*. The practicing supervisor will act as an officer and an agent of the court while supervising the probation and monitoring the respondent's legal practice. As supervising attorney, the practice supervisor shall be afforded all immunities granted by Rule 238 (2025 Kan. Sup. Ct. R. at 304.) during her supervising activities.

"49. Under Rule 223(b)(4) (2025 Kan. S. Ct. R. at 271), the respondent waives her right to a formal hearing on the formal complaint as provided by Rule 222(c) (2025 Kan. S. Ct. R. at 270).

"50. Under Rule 223(b)(4) (2025 Kan. S. Ct. R. at 271), the parties agree no exceptions will be taken."

DISCUSSION

In a disciplinary proceeding, this court generally considers the evidence, the disciplinary panel's findings, and the parties' arguments to determine whether KRPC violations exist and, if they do, the appropriate discipline to impose. Attorney misconduct must be established by clear and convincing evidence. *In re Foster*, 292 Kan. 940, 945, 258 P.3d 375 (2011); see also Supreme Court Rule 226(a)(1)(A). "Clear and convincing evidence is 'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable."'" *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009).

The ODA provided Kort with adequate notice of the formal complaint and the hearing before the panel, but she waived that hearing after entering into the summary submission agreement. Rule 223(b) establishes the following requirements for a valid summary submission agreement:

"An agreement between the disciplinary administrator and the respondent to proceed by summary submission must be in writing and contain the following:

"(1) an admission that the respondent engaged in the misconduct;

"(2) a stipulation as to the following:
 (A) the contents of the record;
 (B) the findings of fact;
 (C) the conclusions of law, including each violation of the Kansas Rules of Professional Conduct, the Rules Relating to Discipline of Attorneys, or the attorney's oath of office; and
 (D) any applicable aggravating and mitigating factors;

"(3) a recommendation for discipline;

"(4) a waiver of the hearing on the formal complaint; and

21

"(5) a statement by the parties that no exceptions to the findings of fact or conclusions of law will be taken." Rule 223(b) (2025 Kan. S. Ct. R. at 271).

The Kansas Board for Discipline of Attorneys approved the summary submission and canceled the formal hearing under Rule 223(e)(2). As a result, the factual findings in the summary submission are deemed admitted. See Supreme Court Rule 228(g)(1) (2025 Kan. S. Ct. R. at 281) ("If the respondent files a statement . . . that the respondent will not file an exception . . . the findings of fact and conclusions of law in the final hearing report will be deemed admitted by the respondent."). Here, the written summary submission agreement contained all the information required under Rule 223(b). And the summary submission and the parties' stipulations before us establish by clear and convincing evidence the facts occurred as stipulated and that the charged conduct violated KRPC 1.1 (competence), 1.3 (diligence), 3.4(c) (fairness to opposing party and counsel), and 8.1(b) (bar admission and disciplinary matters). We adopt the findings and conclusions set forth by the parties in the summary submission and at oral argument.

The remaining issue is the appropriate discipline. The parties jointly recommend that we suspend Kort's license for 3 years, that the suspension be stayed, and that respondent be immediately placed on 24 months of probation, subject to the conditions set forth in the summary submission agreement's plan of probation. Upon successful completion of her Missouri three-year disciplinary probation, anticipated to be April 2, 2027, the parties jointly recommend that respondent be permitted to petition the court for early discharge of her Kansas disciplinary probation pursuant to Rule 227(g) (2025 Kan. S. Ct. R. at 277).

An agreement to proceed by summary submission is advisory only and does not prevent us from imposing discipline greater or lesser than the parties' recommendation. Kansas Supreme Court Rule 223(f). After full consideration, we hold that the jointly

22

recommended discipline is appropriate, with the clarification that the respondent's Kansas license be suspended for not more than three years while she serves her disciplinary probation in Missouri. The suspension is stayed and respondent is immediately placed on 24 months' probation subject to the parties' agreed terms; respondent may move the Kansas Supreme Court for early discharge of her Kansas disciplinary probation in accord with Rule 227(g) upon successful completion of her Missouri disciplinary probation.

CONCLUSION AND DISCIPLINE

It is therefore ordered that, for her violations of KRPC 1.1 (competence), 1.3 (diligence), 3.4(c) (fairness to opposing party and counsel), and 8.1(b) (bar admission and disciplinary matters), and in accordance with Supreme Court Rule 225(a)(3) and (4) (2025 Kan. S. Ct. R. at 274), respondent Allison G. Kort is suspended for no more than three years from the practice of law in the state of Kansas, effective the date of this opinion, while she serves her disciplinary probation in Missouri. That suspension is stayed, and Kort is immediately placed on 24 months' probation in accord with the parties' jointly stipulated plan of probation. Respondent may petition the Kansas Supreme Court for early discharge of her Kansas disciplinary probation in accordance with Rule 227(g) upon successful completion of her Missouri disciplinary probation.

It is further ordered that the costs of these proceedings be assessed to respondent and that this opinion be published in the official Kansas Reports.

LUCKERT, C.J., and STANDRIDGE, J., not participating.

23